UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1230 PA (AFMx) | Date | June 1, 2016 |
|---|---|---|---|
| Title | Marcella Navarrete, et al. v. Jessie Arana, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  None          Attorneys Present for Defendants:  None

**Proceedings:**          IN CHAMBERS—COURT ORDER

    Before the Court is a Motion to Dismiss filed by defendants Jessie Arana ("Arana"), Chris Stevens ("Stevens"), and Michelle King (collectively "Defendants") (Docket No. 21). Defendants challenge the sufficiency of the First Amended Complaint filed by plaintiffs Marcella Navarrete ("Navarrete") and Jose Castenada ("Castenada") (collectively "Plaintiffs"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 6, 2016, is vacated, and the matter taken off calendar.

**I.**          **Factual and Procedural Background**

    According to the operative First Amended Complaint ("FAC"), Plaintiffs are journalists who, on October 15, 2013, were covering a story at a high school campus operated by the Los Angeles Unified School District ("LAUSD") in Canoga Park, California. Navarrete alleges that while she was shooting video an the sidewalk outside the school, Arana, a member of LAUSD's Los Angeles School Police Department ("LASPD"), shoved Navarrete's camera into her face and said Navarrete could not film there. (FAC ¶¶ 28-29.) The FAC alleges that Navarrete then showed Arana her press badge and told him that she had the Constitutional right to film there. (FAC ¶ 29.) After a brief exchange, Arana then grabbed Navarrete's right hand and pulled it behind her back, causing pain to Navarrete and exacerbating a pre-existing shoulder injury. (Id.) Arana ordered Navarrete to sit on the curb and threatened to arrest her, but never placed her in handcuffs and eventually ordered her to leave the scene. (FAC ¶ 30.)

    According to the FAC, on that same morning, at the same location, Castenada also attempted to shoot video of the school when Arana told him that he could not do so and threatened to arrest him. (FAC ¶ 43.) Castenada alleges that Arana grabbed his arms and held them behind his back. (Id.) After demanding Castenada's license, Arana told him to keep his hands behind his back and Arana then went back to his vehicle. (Id.) After approximately 20 minutes, Arana told Castenada that he could leave, but that if he saw Castenada again, Arana would arrest him. (FAC ¶ 45.)

    Castenada contacted Stevens, a LASPD Lieutenant, on October 15, 2015, and "lodged a complaint" about Arana. (FAC ¶ 47.) The FAC alleges that Stevens told Castenada that his complaint would be taken "very seriously," but Castenada was never informed of any corrective action taken. (Id.) Similarly, about a week after the October 15, 2013 incident, Navarrete contacted Stevens, described the incident, and expressed her interest in pursuing a formal complaint against Arana. (FAC ¶ 37.) A couple of weeks later, Navarrete and her boss met with Stevens and Stevens took her statement. (FAC ¶ 49.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 16-1230 PA (AFMx) | Date | June 1, 2016 |
|---|---|---|---|
| Title | Marcella Navarrete, et al. v. Jessie Arana, et al. | | |

According to the FAC, Stevens told Navarrete that LAUSD would conduct an investigation and that he would contact her after the investigation was complete and let her know how he could address her complaint.  (Id.).

After not hearing back from Stevens "for over a month," Plaintiffs filed separate claims for damages with the City of Los Angeles.  (FAC ¶ 52.)  The City of Los Angeles denied Navarrete's claim on April 17, 2014, and Castenada's claim on May 22, 2014, because Arana was employed by LAUSD rather than the City of Los Angeles.  (FAC ¶¶ 53 & 55.)  According to the FAC, it was "only after the City of Los Angeles informed Plaintiffs [that] LAUSD was the only entity with which they could pursue an administrative remedy that Plaintiffs realized an administrative complaint was unlikely to remedy their harms."  (FAC ¶ 56.)  Although not alleged in the FAC, in their Opposition to Defendants' Motion to Dismiss, Plaintiffs state that "in or around April or May of 2014, six or seven months after the incident, both Plaintiffs realized their chosen remedy with they [LAUSD] was futile and began to seek legal representation."  (Opp'n 5:25-27.)  Also not alleged in the FAC, but asserted in the Opposition to the Motion to Dismiss, is Plaintiffs' contention that they "reasonably, and in good faith believes" that Stevens and LAUSD would "make both of them whole by fully compensating them for Defendant Arana's actions."  (Opp'n 5:8-10.)

Plaintiffs commenced this action on February 23, 2016, and filed their First Amended Complaint ("FAC") on April 14, 2016, pursuant to a stipulation they entered with Defendants.  The FAC alleges claims pursuant to 42 U.S.C. § 1983 for: (1) excessive force in violation of the Fourth and Fourteenth Amendments against Arana, Stevens, and LAUSD Superintendent Michelle King ("King"); (2) "retaliatory arrest" in violation of the First and Fourteenth Amendments against Arana, Stevens, and King; and (3) "unlawful restraint on the right to free speech" in violation of the First and Fourteenth Amendments against Arana, Stevens, and King.  Defendants move to dismiss the claims alleged against them as barred by the applicable two-year statute of limitations.  Plaintiffs contend that the statute of limitations should be equitably tolled for the period beginning when Stevens told them he would investigate their complaints until they realized that Stevens and LAUSD would not remedy their harms.

**II.    Legal Standard**

For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e).  The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).  The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6).  See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1230 PA (AFMx) | Date | June 1, 2016 |
|---|---|---|---|
| Title | Marcella Navarrete, et al. v. Jessie Arana, et al. | | |

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III.    Analysis

Defendants assert that the federal claims alleged in the FAC are barred by the applicable statute of limitations. "State law determines the statute of limitations for claims brought under 42 U.S.C. § 1983." Harding v. Galceran, 889 F.2d 906, 907 (9th Cir. 1989) (citing Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947, 85 L. Ed. 2d 254 (1985)). The statute of limitations for personal injury actions applies to § 1983 claims. See Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007). In California, the statute of limitations for personal injuries is two years. See Cal. Code Civ. Proc. § 335.1. "As with the limitations period itself, we borrow our rules for equitable tolling of the period from the forum state . . . ." Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993).

Plaintiffs allege that Arana violated their civil rights on October 13, 2015. The two-year statute of limitations for their federal claims expired on October 13, 2015. Plaintiffs' commencement of this action, on February 23, 2016, occurred more than four months after the running of the statute of limitations. As a result, without equitable tolling, Plaintiffs' claims would be barred by the applicable statute of limitations.

Under California law, the equitable tolling doctrine "applies 'when an injured person has several legal remedies and, reasonably and in good faith, pursues one.' Thus, it may apply where on action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be

Case 2:16-cv-01230-PA-AFM   Document 24   Filed 06/01/16   Page 4 of 5   Page ID #:152

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1230 PA (AFMx) | Date | June 1, 2016 |
|---|---|---|---|
| Title | Marcella Navarrete, et al. v. Jessie Arana, et al. | | |

exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 100, 84 Cal. Rptr. 3d 734, 741 (2008) (quoting Elkins v. Derby, 12 Cal. 3d 410, 414, 115 Cal. Rptr. 641, 644 (1974)); see also Addison v. State of California, 21 Cal. 3d 313, 319, 146 Cal. Rptr. 223, 227 (1978) ("[A]pplication of equitable tolling requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff.").

As noted by the Ninth Circuit, "California courts have not clearly defined 'good faith' for purposes of determining the applicability vel non of equitable tolling." Ervin v. County of Los Angeles, 848 F.2d 1018, 1020 (9th Cir. 1988). However, both the Ninth Circuit and California courts agree that the element of "good faith" should be considered in its plain and ordinary sense. Id.; McMahon v. Albany Unified School Dist., 104 Cal. App. 4th 1275, 1293 (2002). As such, courts have found an absence of reasonable conduct and good faith where a plaintiff has suspected that a cause of action was available, but nevertheless failed to file the claim until the limitations period had already passed. See, e.g., Ervin, 848 F.2d at 1020 (finding appellant did not act in good faith when she delayed filing of action beyond limitations period, even though she had conducted own investigation of facts and obtained copy of County defendant's investigation file 1.5 years prior to filing complaint); McMahon, 104 Cal. App. 4th at 1293 (finding lack of good faith where plaintiff waited 3.5 years after denial of California Government Claims Act application to file action in state court).

The Court concludes that Plaintiffs' complaints to Stevens do not entitle them to toll the statute of limitations because such complaints do not satisfy the "reasonable and good faith conduct" requirement for equitable tolling. See Stone v. City & Cnty. of San Francisco, 735 F. Supp. 340, 343 (N.D. Cal. 1990) (filing of complaint with police department's Office of Citizen's Complaints "does not, as a matter of law, constitute a legal remedy sufficient to toll the statute of limitations on [plaintiff's] federal claim"). Making a citizen complaint to a supervising officer is not the same as filing an "action" or otherwise satisfy the requirement of a plaintiff having several legal remedies and in good faith electing to pursue one. Id.; see also Garber v. City of Clovis, 698 F. Supp. 2d 1204, 1214 (E.D. Cal. 2010) ("In filing the OCR complaint, Plaintiffs were not pursuing legal remedies for violations of the Fourth Amendment, negligence, and statutory damages pursuant to California law. The OCR complaint was to report potential violations of HIPAA. This is not a matter of a plaintiff having several legal remedies, and in good faith, electing to pursue one. The OCR complaint could not grant relief for Plaintiffs' alleged constitutional and tort claims nor could it provide Plaintiffs with monetary damages.").

Ultimately, it simply is not reasonable for Plaintiffs to think that their complaints to a supervising officer would result in the payment of damages. Such citizen complaints fall well below both the procedural requirements of the California Tort Claims Act and the type of informal grievance procedures that, despite their voluntary nature, nevertheless offer complainants an opportunity to resolve a dispute that includes a claim for damages. See McDonald, 45 Cal. 4th at 105, 84 Cal. Rptr. 3d at 745 (applying equitable tolling because voluntary grievance procedures "afford a complainant and the community college district a full opportunity to formally or informally resolve a dispute in a way that will, in many cases, minimize or eliminate entirely the need for further judicial proceedings. Equitable tolling during

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1230 PA (AFMx) | Date | June 1, 2016 |
|---|---|---|---|
| Title | Marcella Navarrete, et al. v. Jessie Arana, et al. | | |

pursuit of this internal remedy affords all the benefits that we have generally recognized justify tolling; conversely, nothing about the voluntary nature of the procedures diminishes the benefits of tolling here."); see also Cal. Gov't Code § 910 (establishing required contents of a claim for purposes of compliance with the California Tort Claims Act). To allow nothing more than a civilian complaint to a supervising officer to allow a plaintiff to equitably toll the statute of limitations would eviscerate the statute of limitations in such cases. See Stone, 735 F. Supp. at 343.

Nor is Plaintiffs' delay in filing their federal action reasonable. Indeed, as Plaintiffs admit, by the time Plaintiffs filed their tort claims with the City of Los Angeles, and by no later than May 2014 when they were notified that any claim had to be filed with LAUSD, Plaintiffs had concluded that their complaints to Stevens would not result in their receiving any compensation for their damages. At that time, Plaintiffs still had nearly 18 months before the statute of limitations ran on their federal claims. For these reasons, the Court concludes that Plaintiffs' delay was neither reasonable nor in good faith, and, as a result, equitable tolling does not apply to revive their claims that are otherwise barred by the applicable statute of limitations.[1]

### Conclusion

For all of the foregoing reasons, the Court concludes that the claims alleged in Plaintiffs' FAC are barred by the applicable statute of limitations and that equitable tolling does not apply to revive the otherwise time-barred claims. None of the facts alleged in the FAC or the additional facts provided by Plaintiffs in their Opposition to the Motion to Dismiss alter this result. The Court therefore concludes that further leave to amend would be futile. The Court therefore dismisses the FAC without leave to amend and dismisses this action with prejudice. The Court will issue a Judgment of Dismissal consistent with this Order.

IT IS SO ORDERED.

---

[1] The Court additionally notes that although Stevens and King did not move to dismiss the claims against them on the merits, and have instead relied exclusively on their statute of limitations defense, the FAC alleges no facts suggesting that they personally participated in violating Plaintiffs' civil rights. The excessive force and First Amendment claims alleged against Stevens and King therefore fail to state a viable claim. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983.") (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).